## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**JAMIE A. PAROLLI**                                                                 **PLAINTIFF**

**VERSUS**                                                            **CAUSE NO.:** A2401-2020-169

**ERIC L. SIMIOLI, PENSKE TRUCK LEASING
CO., L.P. AND POWER TRANSPORT, LLC**                                 **DEFENDANTS**

*(FILED stamp: FILED MAR 2 0 2020, CONNIE LADNER CIRCUIT CLERK, BY _____)*

## COMPLAINT

COMES NOW the Plaintiff, JAMIE A. PAROLLI, by and through counsel of record, Hopkins, Barvié & Hopkins, P.L.L.C., and file this her Complaint against the Defendants, and in support of same, would show the Court the following facts, to-wit:

I.

Plaintiff, Jamie A. Parolli is an adult resident of the State of Mississippi, whose address is 18791 Robins Cove, Saucier, Mississippi 39574.

II.

Defendant, Eric L. Simioli is named as the driver of the Penske tractor-trailer responsible for the accident giving rise to this cause of action. Eric L. Simioli is an adult residing at the last known address of 680 Woddcrest Drive, Unit A, Lake Elsinore, California 92530, and may be served with process in the manner as required by law.

III.

Defendant, Penske Truck Leasing Co., L.P., is named as the tractor-trailer that Eric L. Simioli was driving, and the named owner of the tractor-trailer in question which was involved in

this accident. Penske Truck Leasing Co., L.P. is a Domestic Limited Partnership, whose principal place of business is 2675 Morgantown Road, Reading, Pennsylvania 19607, and may be served with process in the manner as required by law.

IV.

Defendant, Power Transport, LLC is the employer of Eric L. Simioli who is the driver involved in this accident. Power Transport, LLC is a Domestic Limited Liability Company, whose principal place of business is 380 Uccello Way, Sacramento, California 95835, and service of process may be made on its Agent for Service of Process, Baltej Singh at 380 Uccello Way, Sacramento, California 95835 in the manner as required by law.

JURISDICTION

V.

This action is brought pursuant to the applicable law of the State of Mississippi.

VI.

Personal jurisdiction and venue is proper within Harrison County, First Judicial District, Mississippi, as this is where the incident occurred.

VII.

COUNT ONE

(DRIVER'S NEGLIGENCE)

By reference, each of the preceding paragraphs are adopted and made a part of Count One as fully as though manually copied herein.

2

VIII.

At all times material hereto, Defendant, Eric L. Simioli was an employee of Defendants, Penske Truck Leasing Co., L.P. and Power Transport, LLC.

IX.

Defendant, Eric L. Simioli was in the course and scope of his employment with Defendants, Penske Truck Leasing Co., L.P. and Power Transport, LLC during the accident in question.

X.

On August 11, 2017, Jamie A. Parolli was a restrained driver, who was traveling eastbound on I-10 in the middle lane for traffic heading east bound in Gulfport, Mississippi. Eric L. Simioli was traveling behind Ms. Parolli also in the middle lane, with another vehicle being behind Ms. Parolli, and a fourth vehicle traveling in the right lane. There was a crash ahead of the vehicles, and Ms. Parolli, the vehicle behind her, and the vehicle in the right lane slowed to a stop and Mr. Simioli failed to slow down and stop and began braking causing the truck to swerve to the left lane with the trailer sliding to the right striking the rear of Ms. Parolli's vehicle and continuing down the side of her vehicle, causing heavy damage. The truck then swerved to the paved shoulder continuing around striking the back of the vehicle traveling behind Ms. Parolli, which pushed that vehicle into the vehicle that had been traveling in the right lane I-10. As indicated on the State of Mississippi Uniform Crash Report, Mr. Simioli was traveling too fast for the conditions then and there existing at the time of the wreck, which injured the Plaintiff on August 11, 2017.

XI.

Defendant, Eric L. Simioli carelessly and with negligence failed to slow and stop in his lane of traffic, causing this collision to occur.

3

XII.

It was the duty of Defendant, Eric L. Simioli to keep his vehicle under reasonable control, to obey the traffic laws and rules of the road; to keep and maintain a reasonable lookout for other vehicles upon said highway, including the vehicle of Jamie A. Parolli,  and to act reasonably safe under the circumstances then and there existing. That the said actions of Eric L. Simioli violated the duties owing to the Plaintiff, and Eric L. Simioli operated his vehicle in a gross and reckless manner, and as a direct, proximate, and concurrent result of said negligence as herein set forth, Jamie A. Parolli was injured resulting in  personal injury.  That the said Eric L. Simioli at the aforesaid time and place, was guilty of the following additional acts of negligence, which proximately caused or proximately contributed to causing said collision and subsequent injuries of Jamie A. Parolli, resulting therefrom, to-wit:

    (a)     In failing to maintain a reasonable and proper lookout for other vehicles on the road and particularly the vehicle in which Mrs. Parolli was driving;

    (b)     In failing to use reasonable care to maintain his  vehicle under reasonable and proper control to avoid striking other vehicles on the road, including the vehicle in which Mrs. Parolli was driving;

    (c)     In flagrant disregard for others in his lane of traffic and failing to slow down and stop as there was a crash ahead at the time and place in question;

    (d)     In willful and wanton disregard to the rights and safety of others, specifically Jamie A. Parolli's vehicle, without due cause or circumspection and at speeds and manners likely to endanger persons and property, and which did, in fact, result in injuries, and damages to the Plaintiff herein, more specifically set forth herein;

4

(e)     In failing and omitting to control the movement, momentum or direction of travel of said vehicle or to turn or to guide the same, or to use due care in observing the other vehicles, as it was Eric L. Simioli's duty to do;

(f)     In failing to stop and yield the right-of-way in obedience to the traffic then and there as required by the statutes of the State of Mississippi and the rules of the road; and

(g)     In failing to abide by other Federal Motor Carrier Statutes and Regulations, and Mississippi State Laws to be shown at trial, which proximately caused Jamie A. Parolli injuries.

As a result of the negligence of Defendant, Eric L. Simioli acting recklessly and negligently in the operation of the vehicle in question, as stated aforesaid, that as a direct and proximate consequence of his negligence, the vehicles in question collided, striking, causing damages and injuries to Plaintiff, Jamie A. Parolli.  That all the aforesaid gross and reckless negligent acts and omissions of the Defendant, Eric L. Simioli entitles the Plaintiff herein to punitive damages.

XIII.

Plaintiff would show that as a direct and proximate result of the negligence of the Defendant, Eric L. Simioli, as previously set forth, the Plaintiff, sustained injuries which were proximately caused by the aforesaid acts of negligence of the Defendant, Eric L. Simioli.  In particular, Plaintiff, Jamie A. Parolli  has sustained the following:

a.      Injuries to her neck, head, low back, and right hip;

b.      Plaintiff would show that she has incurred medical bills in the past, and will in the future incur medical bills, including but not limited to, amounts for hospital care, doctors' care,

5

medicine and drugs, and other out of pocket expenses.  Plaintiff reserves the right to submit the total amount of medical bills at trial;

      c.     Restricted in all other physical activities in which he was involved prior to sustaining the injuries in questions;

      d.     Pain and suffering, mental anguish, emotional distress;

      e.     Permanent scarring;

      f.     Loss of enjoyment of life;

      g.     Physical disability, either total or partial, consisting of total and/or partial loss of certain activities, which she could perform before this wreck.

Plaintiff would show that all of the above was a direct and proximate result of the negligent acts of the Defendant, Eric L. Simioli.

XIV.

## COUNT TWO

## ((EMPLOYER VICARIOUS LIABILITY)

By reference, each of the preceding paragraphs are adopted and made a part of Count Two as fully as though manually copied herein.

XV.

On August 11, 2017, Jamie A. Parolli was a restrained driver, who was traveling eastbound on I-10 in the middle lane for traffic heading east bound in Gulfport, Mississippi.  Defendants' driver, Eric L. Simioli was traveling behind Ms. Parolli also in the middle lane, with another vehicle being behind Ms. Parolli, and a fourth vehicle traveling in the right lane.  There was a crash ahead of the vehicles, and Ms. Parolli, the vehicle behind her, and the vehicle in the right lane slowed to

6

a stop and Mr. Simioli failed to slow down and stop and began braking causing the truck to swerve to the left lane with the trailer sliding to the right striking the rear of Ms. Parolli's vehicle and continuing down the side of her vehicle, causing heavy damage.  The truck then swerved to the paved shoulder continuing around striking the back of the vehicle traveling behind Ms. Parolli, which pushed that vehicle into the vehicle that had been traveling int the right lane I-10.   As indicated on the State of Mississippi Uniform Crash Report, Mr. Simioli was traveling too fast for the conditions then and there existing at the time of the wreck, which injured the Plaintiff on August 11, 2017.

XVI.

It was the duty of Defendants' driver  to keep his vehicle under reasonable control, to obey the traffic laws and rules of the road; to keep and maintain a reasonable lookout for other vehicles upon said highway, including the vehicle of Jamie A. Parolli,  and to act reasonably safe under the circumstances then and there existing. That the said actions of Defendants' driver violated the duties owing to the Plaintiff, and Defendants' driver  operated his vehicle in a gross and reckless manner, and as a direct, proximate, and concurrent result of said negligence as herein set forth, Jamie A. Parolli was injured resulting in  personal injury. That Defendants' driver at the aforesaid time and place, were guilty of the following additional acts of negligence, which proximately caused or proximately contributed to causing said collision and subsequent injuries of Jamie A. Parolli, resulting therefrom, to-wit:

(a)     In failing to maintain a reasonable and proper lookout for other vehicles on the road and particularly the vehicle in which Mrs. Parolli was driving;

7

(b)    In failing to use reasonable care to maintain his vehicle under reasonable and proper control to avoid striking other vehicles on the road, including the vehicle in which Mrs. Parolli was driving;

(c)    In flagrant disregard for others in his lane of traffic and failing to slow down and stop as there was a crash ahead at the time and place in question;

(d)    In willful and wanton disregard to the rights and safety of others, specifically Jamie A. Parolli's vehicle, without due cause or circumspection and at speeds and manners likely to endanger persons and property, and which did, in fact, result in injuries, and damages to the Plaintiff herein, more specifically set forth herein;

(e)    In failing and omitting to control the movement, momentum or direction of travel of said vehicle or to turn or to guide the same, or to use due care in observing the other vehicles, as it was Defendants' driver duty to do;

(f)    In failing to stop and yield the right-of-way in obedience to the traffic then and there as required by the statutes of the State of Mississippi and the rules of the road; and

(g)    In failing to abide by other Federal Motor Carrier Statutes and Regulations, and Mississippi State Laws to be shown at trial, which proximately caused Jamie A. Parolli injuries.

As a result of the negligence of Defendants' driver acting recklessly and negligently in the operation of the vehicle in question, as stated aforesaid, that as a direct and proximate consequence of its negligence, the vehicles in question collided, striking, causing damages and injuries to Plaintiff, Jamie A. Parolli. That all the aforesaid gross and reckless negligent acts and omissions of the Defendants entitle the Plaintiff herein to punitive damages.

8

### XVII.

Plaintiff would show that as a direct and proximate result of the negligence of the Defendants' driver, as previously set forth, the Plaintiff, sustained injuries which were proximately caused by the aforesaid acts of negligence of the Defendants.  In particular, Plaintiff, Jamie A. Parolli has sustained the following:

a.      Injuries to her neck, head, low back, and right hip;

b.      Plaintiff would show that she has incurred medical bills in the past, and will in the future incur medical bills, including but not limited to, amounts for hospital care, doctors' care, medicine and drugs, and other out of pocket expenses.  Plaintiff reserves the right to submit the total amount of medical bills at trial;

c.      Restricted in all other physical activities in which he was involved prior to sustaining the injuries in questions;

d.      Pain and suffering, mental anguish, emotional distress;

e.      Permanent scarring;

f.      Loss of enjoyment of life;

g.      Physical disability, either total or partial, consisting of total and/or partial loss of certain activities, which she could perform before this wreck.

Plaintiff would show that all of the above was a direct and proximate result of the negligent acts of the Defendants, Penske Truck Leasing Co., L.P. and Power Transport, LLC.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will accept this her Complaint against the Defendants, issue process to the Defendants within the time

9

and manner as prescribed by law, and that Plaintiff would demand judgment of and from the

Defendants in an amount which would exceed the jurisdictional limits of this Honorable Court,

together with all costs, prejudgment and post judgment interest, attorney fees, punitive damages, and

all damages allowed under the law.

      RESPECTFULLY SUBMITTED, this the _2o_ day of March, 2020.

                            JAMIE A. PAROLLI, PLAINTIFF

                            MARIANO J. BARVIÉ, ESQUIRE

HOPKINS, BARVIÉ & HOPKINS, PLLC
MARIANO J. BARVIÉ, ESQ.
MSB NO. 10324
Post Office Box 1510
Gulfport, MS 39502
(228) 864-2200 (Office)
(228) 868-9358 (Facsimile)
mbarvie@hopkins-law.com

ATTORNEYS FOR PLAINTIFF

10