IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMIE A. PAROLLI | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:20cv170-HSO-JCG |
| | § | |
| | § | |
| ERIC L. SIMIOLI, et al. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT
STAR WAY PRODUCTIONS, INC.'S MOTION [15] TO DISMISS**

BEFORE THE COURT is Defendant Star Way Productions, Inc.'s Motion [15] to Dismiss, which is fully briefed. After review of the Motion, the record, and relevant legal authority, the Court finds that because it does not possess personal jurisdiction over Defendant Star Way Productions, Inc., its Motion is well taken and should be granted. The claims against this Defendant will be dismissed without prejudice.

I. BACKGROUND

A.   Facts and procedural history

This case arises out of a vehicular collision which occurred on August 11, 2017, on Interstate-10 in Gulfport, Mississippi, between a vehicle driven by Plaintiff Jamie A. Parolli ("Plaintiff" or "Parolli") and a tractor-trailer driven by Eric L. Simioli ("Simioli"). *See* Compl. [1-1] at 3. Plaintiff instituted this action by filing a Complaint in the Circuit Court of Harrison County, Mississippi, First Judicial

District, on March 20, 2020, *see* Compl. [1-1] at 1, asserting claims for driver's negligence and employer vicarious liability against Defendants Simioli, Penske Truck Leasing Co., L.P. ("Penske"), and Power Transport, LLC ("Power"), *see id.* at 2-9.

Plaintiff subsequently filed an Amended Complaint adding Star Way Productions, Inc. ("Star Way") as a Defendant.  *See* Am. Compl. [1-2] at 1-2.  The Amended Complaint alleges that Penske is the record owner of the tractor-trailer Simioli was driving, and that Power was Simioli's employer.  *See id.*  Star Way allegedly leased the tractor-trailer involved in the accident from Penske and then "loaned" it to Power for use by Power and its employee Simioli.  *Id.* at 10.

On May 14, 2020, Simioli and Power removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332, *see* Notice of Removal [1] at 1-4, and Penske joined in the removal, *see* Joinder [6] at 1-2.[1]  Star Way then filed a Motion [15] to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

B.   Star Way's Motion [15] to Dismiss

Star Way argues that this Court lacks personal jurisdiction over it under principles of federal due process.  Mem. [16] at 4-15, 17.  According to Star Way, "even assuming the Mississippi long-arm requirements are met, Due Process does NOT allow an exercise of personal jurisdiction over Star Way." *Id.* at 6 (emphasis in original).  Alternatively, Star Way argues that it was not properly served with

---

[1] Penske was subsequently dismissed with Plaintiff's consent.  *See* Agreed Order [25].

2

process under Rule 4, such that it should be dismissed pursuant to Rule 12(b)(5). *See id.* at 15-17.

In support of its Motion to Dismiss, Star Way has presented the Unsworn Declaration [15-1] of Christina Stanley ("Stanley") Made Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746. Stanley states that Star Way is a small, family-owned business located in California that owns sound, stage, and lighting equipment. Stanley Decl. [15-1] at 1. Star Way occasionally leases these items to a separate California company known as Southern California Sound, Stage & Lighting Corporation ("SCSSLC"), which does business as "Star Way Productions." *See id.* at 1-2. SCSSLC in turn leases Star Way's equipment to others or uses it to produce various concerts and outdoor events in and around Southern California. *Id.* at 1.

According to Stanley, "Star Way does not have a Penske account." *Id.* at 2. While the Rental Agreement [15-3] states that Penske's customer is Star Way Productions, *see* Ex. [15-3] at 1, Stanley avers that this Penske account is SCSSLC's, *see* Stanley Decl. [15-1] at 2. Stanley also asserts that Star Way itself "does not have any contract or agreement with Power." *Id.* Instead, "SCSSLC has an Independent Trucker Agreement with Power." *Id.* Stanley states that Star Way has no contacts with Mississippi and has not directed any activities at Mississippi. *Id.*

Stanley further relates that SCSSLC was hired to produce the annual "LAPD Games" in Los Angeles, California. *Id.* at 2. In connection with that event,

3

SCSSLC leased equipment from Star Way and then hired Power to transport the equipment for the event back and forth between Star Way's California warehouse and the event location. *Id.* This should have resulted in a 180-mile round trip, entirely within the State of California. *Id.* On August 7, 2017, Power picked up equipment, and it was delivered to Los Angeles without issue. *Id.*

In order to return the equipment from Los Angeles to the warehouse on August 16, 2017, Power rented a tractor-trailer from Penske, and a copy of the intrastate rental agreement is attached to Stanley's Declaration. *Id.*; *see also* Ex. [15-3] at 1 ("TRAVEL SCOPE: Intrastate") (emphasis in original). Power picked up the Penske truck on August 9, 2017. Ex. [15-3] at 1. Specifically, Power's employee Simioli rented the tractor-trailer in question from Penske on SCSSLC's account, and unbeknownst to SCSSLC or Star Way, Simioli then drove the truck across country in connection with a job completely unrelated to either company. Stanley Decl. [15-1] at 2. On August 11, 2017, during this cross-county trip, the accident at issue in this case occurred in Mississippi. *Id.* Stanley avers that, at the time of the collision, Power and Simioli were not hauling anything for either Star Way or SCSSLC and were not doing business on either company's behalf, nor did either company approve, agree to, or have knowledge that Power or Simioli intended to drive the tractor-trailer across country on a completely unrelated job. *Id.* at 3.

Plaintiff responds that the tort prong of the Mississippi long-arm statute, Mississippi Code § 13-3-57, confers jurisdiction in the State of Mississippi, *see* Resp. [21] at 1-2; Mem. [22] at 5-6, and that the Court has specific jurisdiction over Star

4

Way, *see* Resp. [21] at 2; Mem. [22] at 6. Plaintiff maintains that she "has made a prima facie showing of minimum contacts by Star Way, as well as, a nexus between Defendant's contacts and the Plaintiff's claim." Resp. [21] at 2; *see also* Mem. [22] at 7-8. Plaintiff attaches an unsworn letter from Defendant Power's counsel to Penske, in which counsel denies Penske's request for defense and indemnification. *See* Ex. [21-2] at 1-2. Plaintiff argues based upon this letter that Star Way had a practice of allowing Power to use trucks leased on its Penske account and that Star Way knew that Power would use the truck to travel from California to Florida, which would involve crossing Mississippi. *See* Mem. [22] at 3-4, 7-11.

Plaintiff additionally asserts that the exercise of jurisdiction over Star Way in Mississippi would be both fair and reasonable. *See* Resp. [21] at 2; Mem. [22] at 8-11. Alternatively, Plaintiff states that "at the very least, this Court [should] allow Plaintiff to engage in discovery to be able to flush [sic] out the true version of the facts." Resp. [21] at 2; *see also* Mem. [22] at 11. Plaintiff also maintains that it perfected service of process upon Star Way, but that if the attempted service is found to be improper, Plaintiff should be allowed additional time to serve process. *See* Resp. [21] at 2-3; Mem. [22] at 11-13.

Star Way replies that it has presented competent evidence that it has no contacts with the State of Mississippi upon which to exercise any personal jurisdiction, while Plaintiff relies upon the unverified allegations in the Amended Complaint and certain "unverified, inadmissible, hearsay arguments of counsel" for co-Defendant Power contained in the letter. Reply [24] at 2. Star Way contends

5

that Plaintiff's request for any jurisdictional discovery should be denied because she has not demonstrated the necessity of any discovery and any such discovery would be of no legal significance. *See id.* at 12-16.

## II. DISCUSSION

A. Relevant legal authority

A court may dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(2) if it finds that it lacks personal jurisdiction over a defendant. *Herman v. Cataphora, Inc.,* 730 F.3d 460, 466 (5th Cir. 2013). "[T]he party seeking to invoke the power of the court . . . bears the burden of establishing jurisdiction but is required to present only prima facie evidence." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG,* 688 F.3d 214, 219 (5th Cir. 2012) (quotation omitted).[2]

To determine whether a prima facie case exists, this Court must accept as true Plaintiff's uncontroverted allegations and resolve in her favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other submissions. *Id.* at 219-20; *see Revell v. Lidov,* 317 F.3d 467, 469 (5th Cir. 2002) ("In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.") (quotation omitted). Where a defendant submits affidavits directly contradicting a plaintiff's jurisdictional allegations, the Court must determine whether the plaintiff has established a prima

---

[2] The burden only shifts to preponderance of the evidence if the trial court conducts an evidentiary hearing or the case proceeds to trial. *See, e.g., Felch v. Transportes Lar-Mex SA DE CV,* 92 F.3d 320, 326 (5th Cir. 1996).

6

facie case of personal jurisdiction through "nonconclusory allegations supported by admissible evidence." *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015).

In cases arising under diversity of citizenship jurisdiction, such as this one, the exercise of personal jurisdiction over a non-resident defendant is limited by the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). Star Way argues that, even assuming that the exercise of personal jurisdiction over it were permitted by Mississippi's long-arm statute, dismissal is nevertheless required under the Due Process Clause.

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). A nonresident defendant's physical presence within the territorial jurisdiction of a court is not required. *Id.* However, a plaintiff must show that a defendant has "certain minimum contacts with [Mississippi] such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). This inquiry focuses upon the relationship among the defendant, the forum state, and the litigation, and the relationship must arise out of contacts that the defendant itself creates with the forum state, not those created by third parties. *See Walden*, 571 U.S. at 283-84.

Personal jurisdiction may be general or specific.[3] *ITL Int'l, Inc. v. Constenla, S.A.,* 669 F.3d 493, 498 (5th Cir. 2012). In this case, Plaintiff relies solely upon specific jurisdiction, *see* Mem. [22] at 6-11, which "requires that the controversy arise out of or relate to the defendant's contacts with the forum state," *Libersat v. Sundance Energy, Inc.,* 978 F.3d 315, 320 (5th Cir. 2020). Under the specific jurisdiction analysis, a court must ask the following three questions:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* at 318-19. "If a plaintiff establishes the first two prongs, the burden shifts to the defendant to show that the exercise of personal jurisdiction would be unfair or unreasonable." *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.,* 948 F.3d 289, 296 (5th Cir. 2020).

B.   <u>Specific jurisdiction over Star Way</u>

Plaintiff maintains that the Court may exercise specific jurisdiction over Star Way based upon its allegation that Star Way leased from Penske, and then loaned to Power, the tractor-trailer driven by Simioli at the time of the accident in Mississippi. *See* Am. Compl. [1-2] at 10. According to the Amended Complaint,

---

[3] General jurisdiction exists where the defendant has maintained "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 415-16 (1984). Plaintiff does not argue that the Court may exercise general jurisdiction over Star Way, *see* Mem. [22], nor are there any allegations in the pleadings that would support the exercise of general jurisdiction.

8

Star Way granted Power and Simioli permission to use the tractor-trailer, and Star Way knew, or should have known, that Power and Simioli would use the tractor-trailer in a manner involving an unreasonable risk of harm. *Id.*

In opposition to Star Way's Motion to Dismiss and the Declaration of Stanley, Plaintiff attaches an unsworn letter from Power's counsel to Penske. In this letter, Power's counsel denies Penske's demand for defense and indemnification, and opines that discovery in this case

> will shed light on facts pertinent to Penske's demand, including facts concerning, among other things: (i) Star Way's practice of allowing Power to use trucks leased on Star Way's Penske account when Power's fleet of trucks was unavailable; (ii) Star Way's full knowledge that Power was going to use a Penske leased truck on Star Way's Penske account during the rental period in which the subject accident occurred; (iii) Power's customary practice of crediting Star Way's account with Power for amounts incurred on Star Way's Penske account for interim trips unrelated to Power's business with Star Way; (iv) Star Way's full knowledge of Power's use of the Penske truck for travel from California to Florida and back during the interim period prior to the return transport of Star Way's equipment; and (v) the lack of objection from any authorized Star Way representative to Power's use of the Penske truck for interim travel during the period in which the subject accident occurred.

Ex. [21-2] at 1-2. Star Way takes the position that this letter constitutes nothing more than inadmissible hearsay and that Plaintiff has presented no admissible evidence to rebut its Motion to Dismiss or controvert the supporting testimony of Stanley. Reply [24] at 8.

The Court agrees that this letter constitutes inadmissible hearsay and should not be considered in determining whether specific personal jurisdiction over Star Way would be proper. *See Sealed Appellant 1*, 625 F. App'x at 631. Nor has

Plaintiff cited any applicable exception to the rule against hearsay that would make the letter admissible. *See* Fed. R. Evid. 802.[4]

Based upon the record before the Court, all of Plaintiff's allegations in the Amended Complaint pertaining to Star Way's contacts with Mississippi have been controverted with evidence supplied by Star Way in support of its Motion to Dismiss, and Plaintiff has not presented any admissible evidence to create a conflict with the jurisdictional facts presented in the evidence supplied by Star Way. Even construing the competent evidence in Plaintiff's favor, the record is clear that Star Way has not purposely directed its activities toward the State of Mississippi. *See Libersat*, 978 F.3d at 320. Nor did it purposefully avail itself of any privileges of conducting activities here. *See id.*

Star Way is a California company that leased its equipment to another California business (SCSSLC) for use at an event in California, and SCSSLC contracted with Power, which rented on SCSSLC's account the Penske truck that was in the accident with Plaintiff. *See* Stanley Decl. [15-1] at 1-2. The evidence before the Court demonstrates that Simioli then drove the truck through Mississippi, without either SCSSLC's or Star Way's knowledge, for a job completely unrelated to either company, and while in Mississippi, the truck collided with Plaintiff's vehicle. *Id.* at 2. This uncontroverted evidence demonstrates that Star Way itself had no contacts with Mississippi, especially no intentional ones. Based on these facts, Star Way could not have reasonably anticipated being haled into

---

[4] In addition, based upon the text of the letter itself, it is unclear whether or how Power's attorney would have personal knowledge of such matters. *See* Fed. R. Evid. 602.

court in this State, and the exercise of personal jurisdiction over it would not be fair and reasonable.  *See Libersat*, 978 F.3d at 320.

Even if Power's attorney's letter were considered, the result would not change.  Plaintiff relies upon the letter to argue about prior business dealings or contacts Star Way may have had with the State of Mississippi (via alleged trips by Power between California and Florida), but other, unrelated trips are irrelevant to the specific-jurisdiction inquiry.  *See id.*  Moreover, while the letter refers to "Star Way," Ex. [21-2] at 1-2, it is unclear whether the attorney is referencing Defendant Star Way Productions, Inc. or SCSSLC doing business as "Star Way Productions," which appear to be two separate corporate entities, *see* Stanley Decl. [15-1] at 1-2.

To the extent Power's attorney's letter relates to any conduct of Defendant Star Way Productions, Inc. with respect to the truck, this letter does not profess the author's knowledge of these facts, but only opines about what will be the subject of future discovery.  For example, the letter speaks of discovering information concerning "Star Way's full knowledge that Power was going to use a Penske leased truck on Star Way's Penske account during the rental period in which the subject accident occurred," Ex. [21-2] at 1-2, but it does not assert that Star Way in fact had any actual prior knowledge of the intended use of the truck to travel from California to Florida prior to the accident in Mississippi.[5]

The substance of the letter also focuses upon the contacts of a third party (Power) with the State of Mississippi, not the contacts (if any) that Star Way itself

---

[5] Nor is it lost on the Court that counsel who composed the letter represented Power, not Star Way.  *See* Ex. [21-2] at 1-2.

11

initiated or created with the State. *See Walden*, 571 U.S. at 283-84. Thus, even if the Court considered the letter, there is no evidentiary basis from which one could reasonably conclude that Star Way purposely directed its activities toward the State of Mississippi with respect to Plaintiff's claims in this case, or that Star Way purposefully availed itself of the privileges of conducting activities here. *See Libersat*, 978 F.3d at 320.

As an initial matter, even if Star Way were aware that the truck that Power intended to use to return Star Way's rented equipment would be used by Power or Simioli on as separate job involving driving from California to Florida, Plaintiff has not presented evidence that travel from California to Florida would inevitably require Power to travel through Mississippi. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (quotation omitted).[6] In addition, following Plaintiff's theory to its logical conclusion would mean that Star Way's alleged awareness of Power's use of the

---

[6] The parties have not cited any controlling authority directly on point, but the Court finds persuasive the Fifth Circuit's holding in *Diece-Lisa Indus., Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239 (5th Cir. 2019). Of relevance here, the Fifth Circuit held that specific jurisdiction could not arise solely from a nonresident defendant licensor's non-exclusive licenses to third parties who in turn sold allegedly infringing products in the forum state. *See Diece-Lisa Indus., Inc.,* 943 F.3d at 253. In this case, Star Way's only contact with Mississippi was allegedly permitting Power to lease a truck on its Penske account with knowledge that Power would be driving it from California to Florida, which involved a mere possibility that it would travel through Mississippi.

12

truck for travel between California and Florida could support the exercise of personal jurisdiction over Star Way in any state between the two coasts.

Based upon the evidence before the Court, Plaintiff has not made even a preliminary showing of personal jurisdiction over Star Way. Given the complete lack of deliberate contacts by Star Way directed towards the State of Mississippi and the lack of its activities conducted here, Star Way could not have reasonably anticipated being haled into court in this State, and the exercise of personal jurisdiction over Star Way would not be fair and reasonable.

C.  <u>Jurisdictional discovery</u>

Plaintiff argues in the alternative that she should be allowed jurisdictional discovery. *See* Resp. [21] at 2; Mem. [22] at 11. Plaintiff did not file a formal motion requesting to lift the stay of proceedings in this case pursuant to Local Uniform Civil Rule 16(b)(3)(B), or requesting that the Court permit discovery.

Under Local Rule 7(b), "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule." L.U. Civ. R. 7(b). Local Rule 16(b)(3)(B) also provides that

> [w]hether to permit discovery on issues related to the motion [asserting a jurisdictional defense] and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, *upon a motion by any party seeking relief*.

L.U. Civ. R. 16(b)(3)(B) (emphasis added). As such, Plaintiff's passing request for discovery in Response to Star Way's Motion to Dismiss is not properly before the Court.

13

Even if the Court were to consider Plaintiff's request for discovery, it should be denied. A district court is afforded broad discretion regarding whether to permit jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). The Fifth Circuit has held that discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. *Id.* at 284. "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.*

As the party opposing dismissal and seeking discovery, Plaintiff "bear[s] the burden of demonstrating the necessity of discovery." *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013); *see Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 749 (5th Cir. 2020). This includes "showing the requested discovery would likely produce facts sufficient to support his argument of personal jurisdiction." *Embry*, 803 F. App'x at 749. "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). A court may deny leave to conduct jurisdictional discovery when the movant fails to specify the facts he believes discovery would reveal and how those facts would support the exercise of personal jurisdiction. *See id.; see also King v. Hawgwild Air, LLC*, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008).

14

Here, Plaintiff has not made a preliminary showing of personal jurisdiction. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Nor has Plaintiff described the discovery she contends should be allowed, or identified what evidence she would discover that would reveal that Star Way has sufficient minimum contacts with Mississippi. *But see Embry*, 803 F. App'x at 749. Plaintiff merely speculates in the Amended Complaint as to the existence of a contractual relationship between Penske and Star Way with no evidentiary basis, *see* Am. Compl. [1-2] at 2, 10, and relies in her Memorandum [22] upon Power's attorney's letter, *see* Mem. [22] at 10-11.

The Fifth Circuit has held that a plaintiff is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce facts needed to withstand a motion to dismiss. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). In this case, Plaintiff relies upon Power's attorney's letter in seeking discovery. *See* Mem. [22] at 10-11. Even if Plaintiff could discover admissible evidence to support the facts asserted in the letter, Plaintiff has not shown that this would be enough to support the Court's exercise of specific personal jurisdiction over Star Way.

Even assuming Plaintiff were able to present evidence tending to show that Star Way had "full knowledge of Power's use of the Penske truck [that was leased on Star Way's Penske account] for travel from California to Florida and back during the interim period prior to the return transport of Star Way's equipment," Ex. [21-2] at 1-2, Plaintiff has not shown that the exercise of personal jurisdiction over Star

15

Way would comport with due process. As the Court stated earlier, there is no record evidence to demonstrate that this trip would inevitably require Power to travel through Mississippi, and the logical consequence of Plaintiff's argument would mean that an awareness by Star Way of Power's use of the truck for travel between California and Florida could support the exercise of personal jurisdiction over Star Way in any state between California and Florida.

Were Plaintiff to discover evidence that Star Way rented the truck from Penske, loaned it to Power, and knew that Power's driver would travel from California to Florida, this would not be sufficient to establish that Star Way purposely directed its activities toward Mississippi or purposefully availed itself of the privileges of conducting activities here. *See Libersat*, 978 F.3d at 318-19; *see also, e.g., Diece-Lisa Indus., Inc.*, 943 F.3d at 253. Plaintiff's argument focuses upon Power's and Simioli's conduct and their contacts with Mississippi, and not any contacts that Star Way itself created with the State. *See Walden*, 571 U.S. at 283-84.

The lack of personal jurisdiction in this case is clear, and discovery would serve no purpose. Plaintiff's request for discovery, even if it were properly before the Court, should be denied.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. The Court finds that it lacks personal jurisdiction over Star Way. The Motion to

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Star Way Productions, Inc.'s Motion [15] to Dismiss is **GRANTED**, and Plaintiff Jamie A. Parolli's claims against Defendant Star Way Productions, Inc. are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE